TYLER SPRAGUE *v.* LINDON TREE
SERVICE, INC., ET AL.
(AC 23706)

Lavery, C. J., and DiPentima and Mihalakos, Js.

Argued September 22—officially released December 30, 2003

*Dominick C. Statile,* with whom was *Robert K. Jahn,* for the appellants (defendants).

*James K. Kelley,* for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendants, Lindon Tree Service, Inc. (Lindon), and its workers' compensation insurance carrier, One Beacon Insurance Company, appeal from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) that the plaintiff, Tyler Sprague, sustained compensable injuries that arose out of and in the course of his employment with Lindon. On appeal, the defendants claim that the board improperly affirmed the commissioner's finding that the plaintiff suffered a personal injury within the meaning of

General Statutes § 31-275 (16) (A). We disagree and affirm the decision of the board.

The commissioner found the following pertinent facts. The plaintiff, a licensed forest practitioner, commenced employment with Lindon in January, 1999. Lindon clears trees around power lines for the Connecticut Light and Power Company and for various municipalities.

The plaintiff was hired as a "ground man" by Lindon to, among other things, gather brush to feed into a wood chipper and to stack lengths of wood. The plaintiff also operated a fifteen to twenty pound chain saw between forty and forty five hours per week as part of his duties. On September 8, 1999, the plaintiff worked with Lindon's owner, William Bibeault. They planned to cut eight trees that day. Rain fell steadily, causing the wood to be soaked with water and to be heavier than normal. After cutting down the trees, the plaintiff chipped brush and partially cut tree trunks with a chain saw to make the wood light enough to drag. Toward the end of the day, the plaintiff's back began to hurt. He assumed that he had pulled a muscle and did not report the pain to Bibeault.

That evening, the plaintiff rested at home, as his back pain worsened. The next morning, he awakened to severe pain that radiated throughout his lower back, buttocks and the top of his leg. The plaintiff, nevertheless, continued to work. He orally reported his back pain to Lindon. The plaintiff's back pain did not subside, and he saw his physician on September 10, 1999. The plaintiff's physician ordered a magnetic resonance imaging test that indicated that the plaintiff had a ruptured disc. The physician referred him to Wells Jacobson, a specialist, whom the plaintiff saw on October 6, 1999. Jacobson, an orthopedic surgeon, confirmed that the plaintiff had a ruptured disc and preliminarily con-

cluded that it was a work-related injury.[1] Jacobson subsequently referred the plaintiff to a second orthopedic surgeon, W. Jay Krompinger. In an April 3, 2000 appointment, Krompinger confirmed that the plaintiff had suffered a ruptured disc and recommended surgery. Despite his progressively worsening back condition, the plaintiff continued to work for Lindon until December, 1999, when he stopped working for several weeks before returning for light duty assignments for an additional two months. In March, 2000, the plaintiff left his employment with Lindon.

On the basis of the foregoing findings, the commissioner concluded that the plaintiff's ruptured disc arose out of and in the course of his employment with Lindon and ordered it to reimburse the plaintiff for any out of pocket medical expenses, and to pay for any future medical care related to his compensable injury. The board affirmed the commissioner's findings and conclusion, and this appeal followed.

At the outset, we set forth our standard of review. "When the decision of a commissioner is appealed to the board, the board is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. . . . The commissioner has the power and duty, as the trier of fact, to determine the facts. . . . The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Our scope of review of the actions of the board is similarly limited." (Citations omitted; internal quotation marks omitted.) *Smith* v. *Connecticut Light & Power Co.*, 73 Conn. App. 619, 624, 808 A.2d 1171 (2002). "The role of this court is to determine

---

[1] Jacobson later testified in a sworn deposition that the plaintiff's back injury more likely than not was a work-related injury.

whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Tartaglino* v. *Dept. of Correction*, 55 Conn. App. 190, 193, 737 A.2d 993, cert. denied, 251 Conn. 929, 742 A.2d 364 (1999).

In the present case, the defendants claim that the plaintiff did not meet his burden of proof because he failed to demonstrate the requisite causal connection between his injury and his employment. Specifically, the defendants argue that the plaintiff's injury falls outside the meaning of personal injury in § 31-275 (16) (A) because there was no specific accidental injury that may be definitely located as to the time when and place where the accident occurred.[2]

"Entitlement to workers' compensation benefits does not attach upon a mere request for payment. There must be an injury that (1) arose out of the plaintiff's employment and (2) occurred in the course of his employment. . . . An injury [a]rising out of and in the course of his employment means an accidental injury happening to an employee . . . while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises . . . . To come within the course of employment, an injury must occur within the period of employment and at a place where the employee may be while he is reasonably fulfilling the duties of the employment." (Citation omitted; internal quotation marks omitted.) Id. "Injury" is defined by § 31-275 (16) (A) as an "accidental injury

---

[2] General Statutes § 31-275 (16) (A) provides: " 'Personal injury' or 'injury' includes, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupation disease."

which may be definitely located as to the time when and the place where the accident occurred, [and] an injury to an employee which is causally connected with his employment . . . ."

The defendants argue that because the plaintiff could not cite a specific event in which he hurt his back and because the injury could be accounted for by alternative explanations other than the ones credited by the commissioner, the plaintiff did not sustain a compensable injury. Our cases do not require such absolute certainty concerning the specific moment of injury. Our Supreme Court has stated that the proof of an accidental injury that can be definitely located both as to time and place "does not require that the time be fixed by a stopwatch or the place by a mathematical point." *Stier* v. *Derby*, 119 Conn. 44, 49–50, 174 A. 332 (1934).

The commissioner heard the plaintiff testify that he hurt his back on the afternoon of September 8, 1999, and then detail the nature of the work the plaintiff did and the circumstances surrounding the onset of the back pain he began to feel that afternoon. The commissioner also heard contrary testimony detailing the various activities in which the plaintiff participated and his preexisting back pains that could constitute causes of the back injury that were not work related. The commissioner was well within her discretion as the trier of fact to find the plaintiff's testimony more persuasive and to credit his testimony over that of the defendants. "[T]he power and duty of determining the facts rests on the commissioner, who is the trier of fact. . . . This authority to find the facts entitles the commissioner to determine the weight of the evidence presented and the credibility of the testimony offered by lay and expert witnesses." (Citations omitted; internal quotation marks omitted.) *Gibbons* v. *United Technologies Corp.*, 63 Conn. App. 482, 485, 777 A.2d 688, cert. denied, 257 Conn. 905, 777 A.2d 193 (2001).

The defendants argue further that the expert medical opinion evidence showing an association between the plaintiff's injury and his employment merely was speculative and, hence, could not provide an adequate basis for the commissioner to find that the plaintiff's back pain was work related. We note, however, that our Supreme Court has held that expert medical opinion is not necessary to show the causal connection between injury and work in cases in which the commissioner could have concluded that it was more likely that an injury occurred from the type of work in which the plaintiff was engaged than from some unknown cause. See *Garofola* v. *Yale & Towne Mfg. Co.*, 131 Conn. 572, 574, 41 A.2d 451 (1945). Only when the theory of cause and effect showing the association between injury and work involves complex medical issues outside common knowledge and ordinary human experience must the commissioner turn to expert testimony to resolve such issues and to confirm by expert opinion the association between injury and work. *Murchison* v. *Skinner Precision Industries, Inc.*, 162 Conn. 142, 151–52, 291 A.2d 743 (1972); *Dengler* v. *Special Attention Health Services, Inc.*, 62 Conn. App. 440, 449, 774 A.2d 992 (2001).

The plaintiff testified that it was a particular day of lifting heavy wood and brush for Lindon on September 8, 1999, that caused his back injury. It is sufficiently within common knowledge and ordinary human experience that the lifting of heavy objects, such as wood and brush soaked with water, may cause lower back injury, including a ruptured disc, and therefore it was unnecessary for the commissioner to turn to expert testimony to find that such work was the cause of the plaintiff's injury.

Furthermore, the commissioner had in the record before her expert medical opinion that showed a high probability of a causal connection between the plaintiff's ruptured disc and his employment. The commis-

sioner was within her province as the trier of fact to credit all, some or none of that expert medical opinion evidence, both concerning the nature of and likely cause of the plaintiff's injury. "It is the quintessential function of the finder of fact to reject or accept evidence and to believe or disbelieve any expert testimony. . . . The trier may accept or reject, in whole or in part, the testimony of an expert." (Citation omitted.) *Tartaglino* v. *Dept. of Correction*, supra, 55 Conn. App. 195. "[I]t is the commissioner's duty to evaluate the weight of the medical evidence and the credibility of witnesses . . . and the commissioner's conclusions cannot be reversed simply because the plaintiff's own evaluation of the findings causes him to reach a contrary conclusion. Unless the factual findings on which the commissioner bases his conclusion are clearly erroneous, or there is no evidence in the record to support the conclusion, the conclusion must stand." (Citation omitted.) *D'Amico* v. *Dept. of Correction*, 73 Conn. App. 718, 725, 812 A.2d 17 (2002), cert. denied, 262 Conn. 933, 815 A.2d 132 (2003).

Jacobson testified in his deposition that the plaintiff's ruptured disc was caused more likely than not by the plaintiff's day of hauling heavy brush for Lindon. Krompinger also testified in his deposition and in the commissioner's medical evaluation that the plaintiff's ruptured disc was caused by his work for Lindon. We conclude that there was ample medical opinion in evidence to support the commissioner's conclusion that there was a causal connection between the plaintiff's ruptured disc and his employment with Lindon.

On the basis of our review, we conclude that the board properly affirmed the commissioner's determination that the plaintiff suffered an accidental injury that was specifically located as to the time and the place of its occurrence.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.