# DEBORAH L. DONALDSON *v.* CONTINUUM OF CARE, INC., ET AL.
## (AC 25908)

Schaller, McLachlan and West, Js.

Argued November 14, 2005—officially released March 14, 2006

*Nathan Julian Shafner*, with whom, on the brief, was *Stephen C. Embry*, for the appellant (plaintiff).

*Jason M. Dodge*, for the appellees (defendants).

*Opinion*

McLACHLAN, J. The plaintiff, Deborah L. Donaldson, appeals from the decision of the workers' compensation review board (board) affirming the October 21, 2002 findings and award of the workers' compensation commissioner (commissioner). On appeal, the plaintiff claims that the commissioner improperly (1) determined that Mark Thimineur was not an authorized treating physician, (2) denied her motion to modify and (3) authorized David Kloth to serve as the treating physician. The plaintiff also claims that the board improperly engaged in its own fact-finding when it determined that Thimineur's treatment was not reasonable and necessary. We disagree and affirm the decision of the board.

On October 21, 1996, the plaintiff sustained compensable injuries to her neck, left shoulder and jaw. All injuries occurred while the plaintiff was working for the defendant Continuum of Care, Inc.,[1] which had workers' compensation insurance provided by the defendant Hartford Insurance Group. As a result of her injuries, the plaintiff was treated by Robert R. Sorrentino, a dentist, for her jaw condition. Sorrentino referred her

---

[1] Continuum of Care, Inc., is a halfway house that provides services for psychiatric patients. The plaintiff was injured when two inmates pinned her against the wall and attempted to strangle her.

to Jeffrey Gudin, a physician, for pain management treatment and detoxification of narcotics.[2] Gudin began treating the plaintiff on September 1, 1998. He prescribed a variety of neuropathic pharmaceuticals and muscle relaxants, as well as injections of local anesthetics and steroids. The Hartford Insurance Group paid for this treatment, as required by General Statutes § 31-294d.[3] In November, 1998, Gudin referred the plaintiff to Edward Kravitz, a behavorial psychologist, to help the plaintiff cope with her chronic pain. The plaintiff began treatment with Kravitz on November 10, 1998. Gudin's last evaluation of the plaintiff was on November 2, 1999, at which time he believed that she would be able to return to work in a limited capacity.

The plaintiff, on her own, sought a second opinion from Thimineur. He initially examined her on November

---

[2] Prior to the October 21, 1996 accident, the plaintiff had a preexisting temporomandibular joint problem. Additionally, prior to the October 21, 1996 injury, the plaintiff had a history of alcohol abuse and had been on narcotic medication since 1989.

[3] General Statutes § 31-294d provides in relevant part: "(a) (1) The employer, as soon as the employer has knowledge of an injury, shall provide a competent physician or surgeon to attend the injured employee and, in addition, shall furnish any medical and surgical aid or hospital and nursing service, including medical rehabilitation services and prescription drugs, as the physician or surgeon deems reasonable or necessary. The employer, any insurer acting on behalf of the employer, or any other entity acting on behalf of the employer or insurer shall be responsible for paying the cost of such prescription drugs directly to the provider.

"(2) If the injured employee is a local or state police officer, state marshal, judicial marshal, correction officer, emergency medical technician, paramedic, ambulance driver, firefighter, or active member of a volunteer fire company or fire department engaged in volunteer duties, who has been exposed in the line of duty to blood or bodily fluids that may carry blood-borne disease, the medical and surgical aid or hospital and nursing service provided by the employer shall include any relevant diagnostic and prophylactic procedure for and treatment of any blood-borne disease. . . .

"(c) The commissioner may, without hearing, at the request of the employer or the injured employee, when good reason exists, or on his own motion, authorize or direct a change of physician or surgeon or hospital or nursing service provided pursuant to subsection (a) of this section. . . ."

23, 1999. Thimineur diagnosed the patient as having a traumatic brain injury as well as a cervical spine injury, although he could not relate the brain injury to the October, 1996 accident on the basis of any reasonable medical probability. Thimineur prescribed the plaintiff OxyContin, Valium, benzodiazepine, trazodone hydrochloride, Wellbutrin and intravenous injections of ketamine hydrochloride (ketamine).

By agreement of the parties, the plaintiff was referred to Gerald Kaplan, a physician, for a pain management evaluation on July 27, 2000. Kaplan opined that the plaintiff was depressed and that there was a significant psychiatric component to her chronic pain. He noted that he was very concerned with the high doses of medications the plaintiff was taking, given her "previous history of alcohol and prescription medication abuse." Kaplan believed that the plaintiff required an inpatient program to assist with her pain and psychiatric issues.

The plaintiff also was examined by David S. Kloth, a physician and medical director of Connecticut Pain Care, P.C., on June 7, 2001. Kloth opined that ketamine infusions should not be performed. He also noted that the medications that Thimineur had prescribed for the plaintiff were not helping her and may have been affecting her cognitive abilities.

Formal hearings were held before the commissioner on October 1 and December 3, 2001, and February 4 and 27, 2002. The commissioner issued a decision on October 21, 2002, and found that Thimineur was not an authorized treating physician. The commissioner ordered the plaintiff to undergo a detoxification program at Silver Hills Hospital in New Canaan and, thereafter, to undergo pain management treatment under the care of Kloth, including psychological stress and pain management, physical reconditioning and physical ther-

apy. Kloth was authorized to treat the plaintiff for eight months. The plaintiff appealed from the decision of the commissioner. The plaintiff filed a motion to correct the findings of the commissioner on November 26, 2002, which was denied by the commissioner on December 17, 2002. The plaintiff also filed a motion to modify on December 5, 2002. In that motion, the plaintiff asked that the award be modified to reflect that Sorrentino had referred the plaintiff to Thimineur and that Thimineur was a treating physician. On December 17, 2002, the commissioner denied that motion.

On October 6, 2004, the board issued an opinion that affirmed in part and reversed in part the decision of the commissioner. The board affirmed the commissioner's finding that Thimineur was not and had not been an authorized treating physician. The board reversed that part of the commissioner's order regarding the plaintiff's specific treatment plan. The board concluded that the commissioner lacked authority to make specific orders regarding medical treatment. This appeal followed.

"The standard of review applicable to workers' compensation appeals is well established. The commissioner is the sole trier of fact and [t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . On appeal, the board must determine whether there is any evidence in the record to support the commissioner's findings and award. . . . Our scope of review of the actions of the [board] is [similarly] . . . limited. . . . [However] [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Sellers* v. *Sellers Garage, Inc.*, 80 Conn. App.

15, 18–19, 832 A.2d 679, cert. denied, 267 Conn. 904, 838 A.2d 210 (2003).

The plaintiff's first claim is that the commissioner improperly determined that Thimineur was not an authorized treating physician. "[T]he power and duty to determine the facts rests on the commissioner, who is the trier of fact. . . . This authority to find the facts entitles the commissioner to determine the weight of the evidence presented and the credibility of the testimony offered by lay and expert witnesses." (Internal quotation marks omitted.) *Sprague* v. *Lindon Tree Service, Inc.*, 80 Conn. App. 670, 675, 836 A.2d 1268 (2003).

General Statutes § 31-294d (c) provides guidelines regarding a change in physicians: "The commissioner may, without hearing, at the request of the employer or the injured employee, when good reason exists, or on his own motion, authorize or direct a change of physician or surgeon or hospital or nursing service provided pursuant to subsection (a) of this section." Here, the commissioner never authorized or directed a change in physician; therefore, the plaintiff did not meet the requirements of the statute in regard to changing treating physicians from Gudin to Thimineur. The commissioner found that in November 1999, the plaintiff, without referral,[4] sought a second opinion from Thimineur. The commissioner also found in Kravitz' note of December 2, 1999, that Gudin had objected to the transfer of care from himself to Thimineur. On the basis of that evidence, the commissioner concluded that the plaintiff had attempted to change physicians on her own. The plaintiff argues that she was allowed to choose Thimineur as her treating physician because Gudin was no longer available to treat her. The record

---

[4] The plaintiff, in her brief, claims that Sorrentino referred her to Thimineur. That referral was never marked as a full exhibit at the formal hearing, nor was it offered as evidence at the formal hearing and, consequently, was not considered by the commissioner or the board.

reveals that the plaintiff sought treatment from Thimineur before Gudin left his practice. Thimineur examined the patient on November 23, 1999, and Gudin did not leave the pain management practice until January, 2000. Accordingly, the commissioner properly determined that Thimineur was not an authorized treating physician.

The plaintiff's second claim is that the commissioner improperly denied the motion to modify. That issue was not raised by the plaintiff before the board. The plaintiff asserts that this issue can be raised on appeal pursuant to the plain error doctrine set forth in Practice Book § 60-5. Our Supreme Court has held that "[o]nly in the most exceptional circumstances will this court consider a claim that was not raised [below]. . . . Such exceptional circumstances may occur where a new and unforeseen constitutional right has arisen between the time of trial and appeal or where the record supports a claim that a litigant has been deprived of a fundamental constitutional right and a fair trial. . . . An exception may also be made where consideration of the question is in the interest of public welfare or of justice between the parties. . . .

"Furthermore, [p]lain error is properly reserved for those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired were we to fail to address an issue that was not raised or preserved at trial." (Citations omitted; internal quotation marks omitted.) *Dubois* v. *General Dynamics Corp.*, 222 Conn. 62, 68–69, 607 A.2d 431 (1992). The commissioner's denial of the plaintiff's motion to modify was not plain error.

The plaintiff filed a motion to modify on the basis of the alleged existence of a written referral from Sorrentino to Thimineur on December 20, 1999. See footnote

4. She sought to have the commissioner's finding and award modified to indicate that Thimineur was an authorized treating physician. The commissioner determined that the motion to modify was in fact a motion to submit additional evidence pursuant to administrative regulation § 31-301-9[5] of the Regulations of Connecticut State Agencies. That section provides in relevant part that additional evidence will be admitted if such evidence is material and if there were good reasons for the failure to present it at the time of the proceedings before the trial commissioner. See *Saleh* v. *Poquonock Giant Grinder Shop*, 4005 CRB-1-99-3 (March 13, 2000). The commissioner denied that motion on the basis of her conclusion that "[t]he evidence must not only be unavailable at the time of the proceedings, but must be undiscoverable with due diligence." See id. The plaintiff does not offer an explanation concerning the unavailability of the referral at the time of the commissioner's hearing. She claims that the referral simply was not produced when Thimineur produced the rest of the medical files. We note, however, that it was discovered less than two months after the hearing. There is no evidence to suggest that the referral was either unavailable at the time of the hearing or undiscoverable with due diligence. Nonetheless, even if the referral from Sorrentino had been presented at the hearing, it alone would not have authorized Thimineur as a treating physician. According to § 31-294d (c), the commissioner would have had to authorize Thimineur as a treating

---

[5] The plaintiff contends that the commissioner should have held a hearing in regard to the motion to modify in accordance with General Statutes § 31-315. The October 21, 2002 decision of the commissioner was on appeal at the time that the motion to modify was filed and, therefore, § 31-315 would not apply to the decision. Section 31-315 applies only to decisions in which the appeal process has passed and there is a final award. See *Marone* v. *Waterbury*, 244 Conn. 1, 14–17, 707 A.2d 725 (1998). Accordingly, the commissioner did not have jurisdiction to consider the motion to modify under § 31-315. The commissioner properly considered the motion as a motion to submit additional evidence.

physician. On the basis of the evidence and testimony before her, the commissioner did not find that good reason existed to change the plaintiff's treating physician to Thimineur. She had serious questions concerning the type of treatment provided by Thimineur and his actual working diagnosis. On the basis of her concerns, the commissioner refused to authorize the ongoing medical treatment provided by Thimineur and ordered Kloth to be the treating physician. It is unlikely that the commissioner would have authorized Thimineur as the treating physician even if the referral had been presented at the hearing. Accordingly, the commissioner's denial of the motion to modify was not plain error.

The plaintiff's third claim is that the commissioner improperly authorized Kloth as a treating physician. We disagree. The commissioner, in her discretion, as provided by § 31-294d (c), was allowed to designate a new treating physician. After reviewing the evidence and medical records, she designated Kloth. The commissioner, however, did not have the authority to make specific orders regarding a treatment plan to be imposed on a treating physician without that physician's acquiescence.[6]

The plaintiff's final claim is that the board improperly engaged in its own fact-finding when it determined that Thimineur's treatment was not reasonable and necessary. The board did not engage in its own fact-finding.

---

[6] The commissioner ordered that the plaintiff be admitted to an inpatient detoxification program at Silver Hills Hospital in New Canaan. The commissioner ordered that Kloth monitor the patient's progress at the hospital and authorized Kloth to begin a comprehensive pain management rehabilitation program with the plaintiff upon her completion of the inpatient program. She ordered that Kloth's treatment program include psychology for stress and pain management, physical reconditioning, physical therapy to include an aquatic program transitioning to land based therapy, and work hardening.

343

The board concluded that the findings made by the commissioner were factual and should not be disturbed on appeal unless they were found without evidence, based on impermissible or unreasonable factual inferences or contrary to law. See *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539, 542 A.2d 1118 (1988). The board determined that there was sufficient evidence in the record to support the commissioner's finding that Thimineur's treatment was not reasonable and necessary. Accordingly, the board properly affirmed that portion of the decision.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.