NICHOLAS PERNACCHIO *v.* CITY OF
NEW HAVEN ET AL.
(AC 20111)

Lavery, C. J., and Mihalakos and Shea, Js.

Argued January 18—officially released May 29, 2001

*James L. Pomeranz*, for the appellant (named defendant).

*Howard A. Lawrence*, for the appellee (plaintiff).

*Opinion*

SHEA, J. The defendant city of New Haven[1] appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) for the third district awarding to the plaintiff, Nicholas Pernacchio, benefits provided pursuant to General Statutes § 7-433c (a)[2] for firefighters who are disabled as a result

---

[1] The defendant city's insurer, the other defendant in this action, is not involved in this appeal. We refer in this opinion to the defendant city of New Haven as the defendant.

[2] General Statutes § 7-433c (a) provides: "Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination

of hypertension or heart disease. We affirm the decision of the board.

The commissioner held a formal hearing on the plaintiff's claim for heart and hypertension benefits provided by § 7-433c and made findings that may be briefly recited. The plaintiff began his career as a firefighter in June, 1970. Prior to being hired as a firefighter by the defendant, the plaintiff underwent a preemployment medical examination that did not reveal any evidence of hypertension. For approximately nineteen years prior to May 4, 1989, the plaintiff was employed by the defendant as a uniformed firefighter. On that date, he was serving as the commanding officer at the Woodward Avenue firehouse in New Haven when he experienced some dizziness, light-headedness and nausea at the firehouse. An emergency medical response unit was stationed at that firehouse, and a paramedic assigned to that unit responded to the plaintiff's request for assistance. The paramedic tested the plaintiff's blood pressure and obtained a reading of 184 over 124. He then called for the fire department's emergency one unit so that the plaintiff could be transported to Yale-New Haven Hospital. The paramedic assigned to the emergency one unit remained in contact with the medical staff at that hospital while the plaintiff was being transported there. At the hospital, the plaintiff underwent a series of tests. The hospital released the plaintiff and

was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467."

submitted its bill of $215.15 for services on May 4, 1989, which the defendant, as the employer, was obligated to pay. The plaintiff did not work on May 5 or 6, and he was not scheduled to work on May 7, 8, 9 or 10, 1989. On May 11, 1989, he filed a first report of injury for high blood pressure with the defendant's workers' compensation division. Such a report is required by General Statutes § 31-294b.[3] The controller's office for the defendant's workers' compensation division completed an accident investigation form concerning the May 4, 1989 incident, which stated that the plaintiff was treated by a physician for high blood pressure on that date.

Michael Parker, the plaintiff's primary care physician, indicated that in January, 1992, the plaintiff had mild borderline hypertension. In October, 1994, Parker began treating the plaintiff's hypertension with medication and has continued to do so. On June 26, 1996, the plaintiff filed a standard form for notice of a claim for compensation (form 30C) in which he stated that, while in the employ of the defendant's fire service in May, 1989, he sustained injuries arising out of and in the course of his employment, and described his injuries as "medication, hypertension 7-433c."

Generally, workers' compensation benefits are not recoverable "unless a written notice of a claim for compensation is given within one year from the date of the accident . . . which caused the personal injury . . . ." General Statutes § 31-294c (a). The Workers' Compensation Act, General Statutes § 31-275 et seq., however, provides an exception to that rule. Subsection (c) of § 31-294c provides that a "[f]ailure to provide a notice of claim under subsection (a) of this section

---

[3] General Statutes § 31-294b provides in relevant part: "Any employee who has sustained an injury in the course of his employment shall immediately report the injury to his employer, or some person representing his employer. . . ."

shall not bar maintenance of the proceedings if . . . within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as provided in section 31-294d. . . ."[4] General Statutes § 31-294d (a) provides in relevant part: "The employer, as soon as he has knowledge of an injury, shall provide a competent physician or surgeon to attend the injured employee and, in addition, shall furnish any medical and surgical aid or hospital and nursing service, including medical rehabilitation services, as the physician or surgeon deems reasonable or necessary. . . ."

The commissioner concluded that the defendant had notice of the plaintiff's high blood pressure incident on May 4, 1989, through the investigative report that was prepared by the defendant's workers' compensation division for the defendant's controller's office. The commissioner also relied on the fact that the plaintiff "was transported to Yale-New Haven Hospital in a city emergency unit staffed with New Haven fire department paramedics who were in contact with hospital personnel so that the [plaintiff's] condition could be monitored on the way to the hospital." Accordingly, the commissioner awarded benefits to the plaintiff.

The defendant does not dispute the commissioner's finding that it had notice of the plaintiff's high blood

---

[4] General Statutes § 31-294c (c) provides in relevant part: "No defect or inaccuracy of notice of claim shall bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice. Upon satisfactory showing of ignorance and prejudice, the employer shall receive allowance to the extent of the prejudice."

We note that the commissioner made no findings indicating that the defendant was "ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice," as required by § 31-294c (c), to warrant an "allowance to the extent of the prejudice." The defendant does not claim to have presented any evidence to support such an allowance.

pressure incident on May 4, 1989, but maintains that notice of high blood pressure, even such an abnormal reading as the plaintiff's, is not equivalent to notice of hypertension, which it did not receive until the plaintiff filed a form 30C on June 26, 1996, describing his injury as "medication, hypertension 7-433C." Merriam-Webster's Collegiate Dictionary, however, defines "hypertension" as abnormally high arterial blood pressure. Merriam-Webster's Collegiate Dictionary (10th Ed. 1993). Neither party has referred to any medical evidence submitted at the hearing before the commissioner that might elucidate the relationship between high blood pressure and hypertension. In January, 1992, Parker found that the plaintiff had mild borderline hypertension, but the doctor did not begin treating the plaintiff for hypertension with medication until October, 1994. The plaintiff filed his Form 30C, notifying the defendant of his hypertension on June 26, 1996, less than two years after beginning his treatment for hypertension.

On appeal to the board, the board affirmed the decision of the commissioner to award the plaintiff benefits pursuant to § 7-433c. The board recognized, as this court has held, that "[a] claimant for workers' compensation benefits must provide both notice of injury; General Statutes § 31-294b . . . and notice of a claim. General Statutes § 31-294c . . . ." (Citations omitted.) *Funaioli* v. *New London*, 52 Conn. App. 194, 195, 726 A.2d 626 (1999) (first report of injury together with letter from claimant's lawyer stating that claimant not requesting hearing "at this time" sufficient to satisfy notice of claim requirement of § 31-294c). "[T]he written notice intended is one which will reasonably inform the employer that the employee is claiming or proposes to claim compensation under the [Workers' Compensation] Act." *Rehtarchik* v. *Hoyt-Messinger Corp.*, 118 Conn. 315, 317, 172 A. 353 (1934); *Black* v. *London &*

*Egazarian Associates, Inc.*, 30 Conn. App. 295, 303, 620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993). "The purpose of § 31-294 [notice of injury and of claim for compensation], in particular, is to alert the employer to the fact that a person has sustained an injury that may be compensable . . . and that such person is claiming or proposes to claim compensation under the Act." (Citation omitted; internal quotation marks omitted.) *Black* v. *London & Egazarian Associates, Inc.*, supra, 303.

The board concluded, and we agree, that, "under the totality of the circumstances, the notice provided by the [plaintiff] constituted 'substantial compliance' with the notice content requirements of § 31-294c." On May 11, 1989, upon returning to work after the May 4, 1989 incident, the plaintiff filed a first report of injury for high blood pressure with the defendant's workers' compensation division. Furthermore, following the incident, the defendant's fire department completed an accident investigation form that indicated that the plaintiff had been transported to the hospital for high blood pressure. The board stated that "[t]he employer's investigation form amply supports the conclusion that the employer had notice of the [plaintiff's] high blood pressure incident on May 4, 1989, and, because the [plaintiff] was a uniformed firefighter who had passed his preemployment physical, the employer was thus on notice that he could file a hypertension claim under § 7-433c."

The board also concluded that in addition to having notice pursuant to § 31-294c (a), the defendant had notice of the plaintiff's injury pursuant to the § 31-294c (c) exception, which does not bar a claim for benefits in the absence of written notice where "an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care . . . ." General Statutes § 31-294c (c). The exception in § 31-294c (c) to the notice requirement "is, no doubt,

based upon the fact that if the employer furnishes medical treatment he must know that an injury has been suffered which at least may be the basis of such a claim." *Gesmundo* v. *Bush,* 133 Conn. 607, 612, 53 A.2d 392 (1947).

In its brief to this court, the defendant argues that the plaintiff's transportation to the hospital by the defendant's ambulance service, which was staffed by the defendant's emergency medical technicians, who monitored the plaintiff's blood pressure and also remained in contact with the hospital until the ambulance arrived there, does not constitute providing "a competent physician or surgeon to attend the injured employee" or furnishing "any medical and surgical aid or hospital and nursing service . . . as the physician or surgeon deems reasonable or necessary" as required by § 31-294d. We agree with the commissioner and the board that the defendant had notice of the blood pressure incident because the plaintiff was transported to the hospital in an ambulance staffed with the defendant's fire department paramedics, who monitored his condition on the way to the hospital, and through the investigative report of the defendant's workers' compensation division. Whether or not the ride in the ambulance while attended by paramedics qualifies as a medical service, the commissioner also found that the plaintiff underwent a series of tests at the hospital for which the hospital submitted a bill of $215.15, an obligation of the defendant. It can hardly be disputed that the tests performed by the hospital were medical services.

We agree with the conclusion of the majority of the board that the exception to the requirement of § 31-294c (a) that a written notice of claim for compensation be given within one year from the date of the accident that caused the personal injury created by § 31-294c (c) is applicable because the defendant, immediately after the accident, furnished the plaintiff with medical and

hospital care, as provided in § 31-294d. Accordingly, we affirm the decision of the board upholding the commissioner's award of benefits to the plaintiff pursuant to § 7-433c.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.