EDWARD MEHAN *v.* CITY OF STAMFORD ET AL.
(AC 31648)

DiPentima, C. J., and Beach and Pellegrino, Js.

Argued December 9, 2010—officially released April 5, 2011

*Maribeth M. McGloin*, with whom, on the brief, was *Scott Wilson Williams*, for the appellants (defendants).

*Daniel A. Benjamin,* with whom, on the brief, was *Derek Mello,* for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant city of Stamford[1] appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner for the seventh district (commissioner) awarding workers' compensation benefits to the plaintiff, Edward Mehan. On appeal, the defendant claims that the board erred in affirming the commissioner's decision (1) granting the plaintiff's motion to preclude, (2) denying the defendant's motion for reconsideration and (3) finding that the plaintiff sustained a compensable work-related injury. We affirm the decision of the board.

The following facts, as found by the commissioner and accepted by the board, are relevant to this appeal. The plaintiff had been a firefighter with the defendant since 1959. On February 10, 2001, he suffered chest pains while fighting a fire and subsequently was taken to Stamford Hospital for treatment and to undergo a medical examination. The results of his medical examination showed that he did not suffer a myocardial infarction.[2] The plaintiff continued to suffer chest pains and, in March, 2001, underwent a cardiac catheterization by Robert L. Labarre,[3] his treating physician. Following his catheterization, the plaintiff was informed that he had preexisting coronary artery disease.

Shortly after the February 10, 2001 incident, the plaintiff reported it to his supervisor, who so informed the

---

[1] The other defendant, PMA Management Corporation of New England, did not file a separate brief or participate at oral argument in this appeal. We refer in this opinion to the city of Stamford as the defendant.

[2] A myocardial infarction is a heart attack. Stedman's Medical Dictionary (27th Ed. 2000) p. 895.

[3] Prior to the February 10, 2001 incident, the plaintiff was treating with Joseph Costanzo, a physician, for hypertension.

defendant's third party administrator for workers' compensation claims. On April 9, 2001, the plaintiff filled out a form 30C,[4] in which he entered his personal information but did not fill out the "injury section" or sign the form. The plaintiff gave the partially completed form 30C to assistant fire chief Peter Brown and explained to him the nature of the injury that he sustained on February 10, 2001. Brown then filled out the "injury section" of the form, describing the nature of the plaintiff's injury, and signed the form on the plaintiff's behalf as his representative. The plaintiff's form 30C, however, apparently never was delivered to the defendant's human resources department, which is where Brown normally sent such forms.

In October, 2002, the plaintiff was found to be physically unfit for active duty as a firefighter. In May and December, 2003, he had stents[5] inserted into his coronary arteries. Having undergone these procedures and having been deemed physically unfit to work, the plaintiff retired in late 2003. On September 26, 2005, Labarre described the injury suffered by the plaintiff on February 10, 2001, as an "acute coronary syndrome." He described the syndrome as an "insufficient blood flow via the coronary arteries to the heart" and opined that "[i]t is reasonably likely that [the plaintiff's] heart exertion while firefighting on [February 10, 2001] precipitated his acute coronary syndrome."

The plaintiff initiated proceedings against the defendant, and a hearing was held on November 20, 2006, to determine whether the commissioner had subject

[4] A form 30C is the document prescribed by the workers' compensation commission to be used when filing a notice of claim pursuant to the Workers' Compensation Act, General Statutes § 31-275 et seq.

[5] A stent is defined as a "thread, rod, or catheter, lying within the lumen of tubular structures, used to provide support during or after their anastomosis, or to assure patency of an intact but contracted lumen." Stedman's Medical Dictionary (27th Ed. 2000) p. 1696.

matter jurisdiction to hear the case. On July 25, 2007, the commissioner determined that she had subject matter jurisdiction to hear the case. On January 28, 2008, the plaintiff's case proceeded to a formal hearing on the merits before the commissioner. The hearing did not conclude on that date and was continued. In March, 2008, our Supreme Court issued its decision in *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102, 942 A.2d 396 (2008), and the plaintiff filed a motion to preclude the defendant from contesting liability on March 14, 2008. In support of his motion to preclude, the plaintiff relied on *Harpaz* and the fact that the defendant did not timely file a form 43.[6]

The hearing on the merits resumed on April 7, 2008, and the record closed on June 25, 2008. On October 2, 2008, the commissioner denied the plaintiff's motion to preclude. The plaintiff filed a motion to correct and for reconsideration on October 3, 2008. On October 10, 2008, the commissioner granted the plaintiff's motion for reconsideration and issued, sua sponte, a decision vacating the October 2, 2008 order. Concluding that the plaintiff properly filed his form 30C and that the defendant did not timely file a form 43, the commissioner granted the plaintiff's motion to preclude on October 13, 2008. On October 16, 2008, the commissioner issued a decision concluding that the plaintiff's acute coronary syndrome, suffered as a result of the February 10, 2001 incident, was a compensable work-related injury that aggravated his preexisting coronary artery disease. The commissioner further concluded that the defendant was entitled to workers' compensation benefits, including those for a 25 percent permanent partial disability rating to his heart.

[6] A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim.

On October 30, 2008, the defendant filed a motion for reconsideration regarding the commissioner's October 16, 2008 decision, and also filed an appeal from the commissioner's decision with the board. The commissioner denied the motion on January 28, 2009. The board then affirmed the decision of the commissioner on October 14, 2009, and this appeal followed. Additional facts will be set forth as necessary.

## I

The defendant first claims that the board erred in affirming the commissioner's granting of the plaintiff's motion to preclude. Specifically, the defendant argues that the form 30C that the plaintiff delivered to Brown on April 9, 2001, was insufficient to trigger its obligation to file a form 43.[7] We disagree.

The following additional facts are relevant to our resolution of this claim. The commissioner made findings regarding the execution and delivery of the plaintiff's form 30C. Brown was an administrative chief with the defendant's fire department, and it was his job to represent the department and its employees with matters involving the defendant's human resources department. It was Brown's obligation to deliver forms 30C to the human resources department, and in the ordinary course of business he would have delivered the plaintiff's form there. Historically, the defendant accepted forms 30C for processing from the human resources department, the town clerk's office and the law department, thus establishing flexibility in the defendant's service procedures. When the plaintiff handed his form 30C to Brown, Brown was an administrative agent of the defendant with apparent authority to act on the

---

[7] The defendant does not contest the fact that it did not file a timely form 43 in response to the plaintiff's April 9, 2001 form 30C. The defendant contests only the determination that the plaintiff's form 30C was sufficient to trigger its obligation to file a form 43.

defendant's behalf when dealing with the processing of workers' compensation claims. Therefore, the timely notice of the plaintiff's claim to Brown constituted timely notice of the claim to the defendant, and any deficiency on Brown's part in processing the plaintiff's form 30C did not deprive the defendant of timely notice of the plaintiff's claim. On the basis of these findings, the commissioner concluded that the plaintiff sufficiently complied with his obligation in presenting a form 30C, such that the defendant was put on notice of the plaintiff's claim, and thus triggered the defendant's obligation to file a form 43, if it intended to contest liability. The board adopted the findings and affirmed the commissioner's decision, holding that the commissioner properly granted the plaintiff's motion to preclude.

We begin by setting forth our standard of review governing workers' compensation appeals. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the . . . board nor this court has the power to retry facts. It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . The commissioner has the power and duty, as the trier of fact, to determine the facts." (Citation omitted; internal quotation marks omitted.) *Cervero* v. *Mory's Assn., Inc.*, 122 Conn. App. 82, 90, 996 A.2d 1247, cert. denied, 298 Conn. 908, 3 A.3d 68 (2010).

General Statutes § 31-294c governs notice of claims for workers' compensation benefits. Section 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the

accident . . . . Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident . . . and the name and address of the employee and of the person in whose interest compensation is claimed. . . ." The workers' compensation commission created the form 30C for use in complying with § 31-294c (a). See *Tardy* v. *Abington Constructors, Inc.*, 71 Conn. App. 140, 150, 801 A.2d 804 (2002).

Regarding the manner of serving a notice of claim for workers' compensation benefits, General Statutes § 31-321 provides in relevant part: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail . . . ." Regarding any defects in notice, § 31-294c (c) provides in relevant part that "[n]o defect or inaccuracy of notice of claim shall bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice. . . ." General Statutes § 31-294c (c).

Section 31-294c (b) dictates the strict standards of an employer that seeks to contest liability. Section 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific

grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. . . . Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death." The workers' compensation commission created the form 43 for use in complying with § 31-294c (b).

The defendant claims that the board erred in affirming the commissioner's granting of the motion to preclude because the plaintiff's form 30C was insufficient to trigger the defendant's obligation to file a form 43. The defendant contends that the form 30C was insufficient because, at the time it was delivered to Brown, it did not contain the information required by § 31-294c (a) relating to the nature of and date of the plaintiff's injury. The defendant argues that without such information, the form 30C was insufficient to trigger its obligation to file a form 43, if it wanted to contest the claim. The plaintiff argues that his form 30C, as completed by Brown after discussion, was sufficient because it put the defendant on notice of his claim and thus triggered its obligation to file a form 43. We agree with the plaintiff.

Our Supreme Court has stated that "[t]he rule of strict compliance . . . is not supported by either the plain language or the legislative history of [General Statutes §] 31-297 (b) [now § 31-294c]." *Pereira* v. *State*, 228 Conn. 535, 543 n.8, 637 A.2d 392 (1994). To the contrary, our Supreme Court has noted that "[§] 31-297 (b) [now § 31-294c] is remedial legislation that should be liberally construed to accomplish its humanitarian purpose." Id.

Section 31-294c "was enacted to require a prompt and thorough investigation of the employee's claim so as to yield a specific disclaimer of liability and to avoid unnecessary delay in the adjudication of workers' claims." Id. Accordingly, "if the notice of claim is sufficient to allow the employer to make a timely investigation of the claim, it triggers the employer's obligation to file [a form 43 contesting liability]." Id.; see also *Tardy* v. *Abington Constructors, Inc.*, supra, 71 Conn. App. 149–50; *Pernacchio* v. *New Haven*, 63 Conn. App. 570, 575–76, 776 A.2d 1190 (2001).

In the present case, the commissioner found, and the board agreed, that the plaintiff's form 30C as delivered to and completed by Brown, after conversing with the plaintiff, was sufficient to give the defendant notice of his claim. To the extent that the determination of whether the defendant received proper notice of the claim is a factual issue, we generally are obligated to defer to the findings of the commissioner. See *Cervero* v. *Mory's Assn., Inc.*, supra, 122 Conn. App. 90. The record supports the commissioner's finding that "[the plaintiff] timely notified . . . Brown . . . of his work-related incident" and that "[s]aid notice resulted in the preparation of a form 30C [that] was reasonably calculated to give the employer notice of the claim." The record also supports the commissioner's finding that Brown was an agent of the defendant with authority to act on the defendant's behalf in the processing of workers' compensation claims. Furthermore, the defendant has not provided any persuasive argument as to why it may have been unreasonable for the commissioner to have concluded that timely notice to Brown, as the defendant's agent, constituted timely notice to the defendant. Accordingly, the board did not err in determining that the plaintiff's form 30C was sufficient to trigger the defendant's responsibility to file a form 43. We, therefore, conclude that the board properly

affirmed the commissioner's granting of the plaintiff's motion to preclude.

## II

The defendant next claims that the board erred in affirming the commissioner's denial of its motion for reconsideration. Specifically, the defendant argues that the denial of its motion deprived it of a meaningful opportunity to defend against the plaintiff's claim because the commissioner was prohibited from considering any evidence it presented, thus denying the defendant due process of law. We disagree.

The following additional facts are relevant to our resolution of this claim. After granting the plaintiff's motion to preclude, the commissioner, in rendering her decision, considered only the evidence presented by the plaintiff to prove a prima facie case of compensability and expressly disregarded all evidence previously offered by the defendant. In its motion for reconsideration, the defendant argued that although *Harpaz* limited its ability to defend once a motion to preclude has been granted, it should "at least be provided the due process opportunity to address, via posttrial memorandum, what *Harpaz* means in general, and, more importantly, its impact upon a decision on entitlement to benefits, including permanent partial disability benefits, in the context of [the plaintiff's] case." The commissioner denied the motion on January 28, 2009. The board, in rendering its decision, concluded that the Supreme Court's decision in *Donahue* v. *Veridiem, Inc.*, 291 Conn. 537, 970 A.2d 630 (2009), "clearly demonstrate[d] that the . . . commissioner properly applied the precedent in *Harpaz* in rendering her decisions . . . as to the effect of preclusion."

The defendant asks this court to hold that the conclusive presumption contained in § 31-294c (b) is an unconstitutional denial of due process. We are constrained

by our Supreme Court's decisions in *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 102, and *Donahue* v. *Veridiem, Inc.*, supra, 291 Conn. 537. In *Harpaz*, our Supreme Court analyzed the extent to which a motion to preclude pursuant to § 31-294c (b) limits an employer's ability to contest compensability for a claim of workers' compensation. The court concluded that "under § 31-294c (b), if an employer neither timely pays nor timely contests liability, the conclusive presumption of compensability attaches and the employer is barred from contesting the employee's right to receive compensation on any ground or the extent of the employee's disability." *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 130. The court also held that although a motion to preclude bars noncomplying employers from contesting liability, a claimant is still required "to prove that he has suffered a compensable injury, i.e., an injury that arose out of and in the course of his employment, including the extent of his disability." Id., 131.

In *Donahue*, our Supreme Court further examined the extent to which an employer's ability to contest a workers' compensation claim is limited by the granting of a motion to preclude, addressing the issue of "whether an employer subject to the conclusive presumption is precluded from challenging the claimant's proof through cross-examination and submission of a written argument." *Donahue* v. *Veridiem, Inc.*, supra, 291 Conn. 540. The court answered in the affirmative, holding that "once a motion to preclude is granted, the only role an employer plays is to decide whether to stipulate to the compensation claimed. If the employer does not so stipulate, the claimant proceeds with her case, subject to examination by the commissioner." Id., 546–47.

The court acknowledged that it was "conscious of the drastic effect of a [m]otion to [p]reclude, as it divests the employer of the right to contest liability for a claim."

(Internal quotation marks omitted.) Id., 550. The court further acknowledged that it did "not believe that this rather harsh remedy should be imposed without ensuring that both parties have been provided with . . . due process protections . . . ." (Internal quotation marks omitted.) Id. The court reasoned that an employer is not denied due process because "the employer does have a role to play following [the granting of a motion to preclude], albeit a rather limited one." Id. The court described the nature of the employer's role as follows: "[W]hen an employer stipulates entirely to the compensation being claimed, that is, both the compensability and the extent of disability arising from the alleged injury, the remand to the commissioner usually involves a nondiscretionary calculation of benefits using the formula set forth by statute and thus is a final judgment; but when the employer does not so stipulate, an evidentiary hearing is necessary so that the claimant may prove her right to the compensation claimed." Id., 551. Accordingly, the court concluded that "[t]here is nothing . . . to suggest that an employer has the right to test the evidence proffered by the claimant . . . by way of question or argument." Id.

In arguing that the conclusive presumption contained in § 31-294c (b) is unconstitutional, the defendant essentially asks this court to overturn both *Harpaz* and *Donahue.* It is axiomatic that "[o]ur Supreme Court is the ultimate arbiter of the law in this state." *State* v. *Brown,* 73 Conn. App. 751, 756, 809 A.2d 546 (2002). "[W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *State* v. *Smith,* 107 Conn. App. 666, 684–85, 946 A.2d 319, cert. denied, 288 Conn. 902, 952 A.2d 811 (2008). Accordingly, we must decline the defendant's request to reevaluate decisions of our Supreme Court.

III

The defendant finally claims that the board erred in affirming the commissioner's decision concluding that the plaintiff's February 10, 2001 incident was a compensable work-related injury. Specifically, the defendant argues that the board erred in affirming the commissioner's decision because the evidence presented did not support the commissioner's conclusion that the acute coronary syndrome that the plaintiff suffered as a result of the February 10, 2001 incident was a substantial contributing factor in the aggravation of his preexisting coronary artery disease. We disagree.

We begin by reiterating our standard of review that governs workers' compensation appeals. "The commissioner is the sole trier of fact and [t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . The review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is [obligated] to hear the appeal on the record and not retry the facts. . . . On appeal, the board must determine whether there is any evidence in the record to support the commissioner's findings and award. . . . Our scope of review of [the] actions of the [board] is [similarly] . . . limited. . . . [However] [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *DiBlase* v. *Logistec Connecticut, Inc.*, 123 Conn. App. 753, 757–58, 3 A.3d 128, cert. denied, 299 Conn. 908, 10 A.3d 524 (2010).

In arguing that the evidence presented did not support the commissioner's conclusion that the plaintiff's

acute coronary syndrome was a substantial contributing factor[8] in the aggravation of his preexisting coronary artery disease, the defendant points to the following testimony of Labarre: "I do think, with a fair likelihood, that his climbing five flights of stairs at age sixty-eight, carrying heavy medical equipment, which we assessed could be more than seventy pounds, at this time could have exacerbated coronary disease through a physical force which may have moved coronary plaque and caused a transient but significant acute coronary syndrome for which he was hospitalized . . . ." The defendant contends that in light of this testimony, the commissioner reasonably could not have concluded that the plaintiff's acute coronary syndrome was a significant contributing factor in his coronary artery disease. After examining the evidence considered by the commissioner in its totality, we conclude that there was sufficient evidence from which she reasonably could have concluded that the plaintiff's acute coronary syndrome was a significant contributing factor to coronary artery disease.

In rendering her decision, the commissioner relied on the deposition of Labarre. In his deposition, Labarre testified that it was his opinion, "*to a reasonable medical probability*," that the plaintiff's exertion while fighting a fire on February 10, 2001, precipitated his acute coronary syndrome. (Emphasis added.) Labarre further testified that it was his opinion to a reasonable medical probability that the plaintiff's acute coronary syndrome aggravated his preexisting coronary artery disease. Additionally, Labarre opined that prior to the plaintiff's

---

[8] In *McDonough* v. *Connecticut Bank & Trust Co.*, 204 Conn. 104, 117, 527 A.2d 664 (1987), our Supreme Court stated that it is a "long-standing rule that the claimant must prove that a sudden, unusual, and unexpected employment factor was a substantial factor in causing the claimant's condition." The court further stated that "[i]n order to recover [workers' compensation benefits], the claimant must prove causation by a reasonable medical probability." Id., 118.

February 10, 2001 acute coronary syndrome, his coronary artery disease was stable. Labarre also noted that following the February 10, 2001 incident, the plaintiff had an increase in his anginal pattern. Finally, Labarre stated that the plaintiff suffered from a 30 percent permanent partial disability of the heart, 25 percent of which was attributable to coronary artery disease.

On the basis of this information, the commissioner concluded that the plaintiff suffered a compensable work-related injury and was entitled to workers' compensation benefits. In its decision, the board concluded that "[g]iven the totality of the evidence provided, we believe [that] the . . . commissioner could reasonably have determined that the February 10, 2001 cardiac incident did *not* create merely a transient impairment in the [plaintiff's] medical condition but, instead, led to a permanent increase in the [plaintiff's] level of disability." The evidence presented supported the commissioner's decision. Accordingly, we conclude that the board did not err in affirming the decision of the commissioner awarding workers' compensation benefits to the plaintiff.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.