******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

*Syllabus*

Pursuant to statute (§ 31-294c (b)), whenever liability to pay workers' compensation is contested by an employer, the employer shall file with the Workers' Compensation Commissioner, on or before the twenty-eighth day after *receipt* of a written notice of claim, a proper notice denying liability.

The plaintiff employee appealed to this court from the decision of the Compensation Review Board affirming the decision of the Workers' Compensation Commissioner denying his motion to preclude the defendant employer from contesting liability as to his injuries pursuant to § 31-294c (b). The plaintiff filed a form 30C notice of claim with the Workers' Compensation Commission and, on the same day, the plaintiff's counsel sent by certified mail a copy of the form 30C to the defendant. The envelope was returned to the plaintiff with a marking indicating that it was undeliverable as addressed. Shortly thereafter, the plaintiff's counsel personally provided a copy of the form 30C to the defendant's counsel, who filed a form 43 denying the claim that same day. The plaintiff's motion claimed that the defendant was precluded from contesting liability on the ground that the defendant never accepted the certified mail containing the form 30C and that the form 43 filed by the defendant was untimely. In denying the plaintiff's motion, the commissioner concluded that the form 30C sent by certified mail was not delivered to the defendant and, therefore, that the defendant did not receive proper notice of the plaintiff's claim at that time. On appeal, the board affirmed the commissioner's decision, concluding that the commissioner's determination that the defendant did not receive proper notice of the form 30C until it was provided personally to the defendant's counsel was supported by the finding that the mail carrier never delivered the form 30C to the defendant, a finding that the board determined was supported by the record. *Held* that the board properly affirmed the commissioner's denial of the plaintiff's motion to preclude: the commissioner found that the defendant did not receive the form 30C that was sent by certified mail, rather, the defendant received the form 30C for the first time by way of subsequent personal service on its counsel, such that its form 43 was timely filed, and this court agreed with the board's conclusion that the commissioner's findings were supported by evidence in the record, including that the envelope containing the form 30C was returned to the plaintiff with a marking reflecting that the envelope was undeliverable as addressed; moreover, this court declined to disturb the commissioner's determination that the testimony of the plaintiff's expert witness, a retired postal worker, which, according to the plaintiff, demonstrated that the form 30C was delivered to the defendant but the defendant rejected it, was not credible; furthermore, this court rejected the plaintiff's reliance on the mailbox rule and his assertion that the board and the commissioner improperly imposed on him the burden to establish that the form 30C was returned to him because the defendant had rejected it, even assuming that the mailbox rule applied, the presumption of delivery could not withstand the commissioner's determination, as supported by the record, that delivery of the form 30C never occurred because, as the board stated in its decision, the "undeliverable as addressed" marking on the envelope containing the form 30C that was returned to the plaintiff suggested that the form was never presented to a responsible party who refused to accept it.

Argued October 11—officially released December 27, 2022

*Procedural History*

Appeal from the decision of the Workers' Compensation Commissioner for the Fourth District denying the

plaintiff's motion to preclude the defendants from contesting liability as to his claim for certain workers' compensation benefits, brought to the Compensation Review Board, which affirmed the commissioner's decision, and the named defendant appealed to this court. *Affirmed.*

*David V. DeRosa*, with whom, on the brief, was *Victor Ferrante*, for the appellant (plaintiff).

*Clayton J. Quinn*, with whom, on the brief, was *Anna C. Borea*, for the appellee (named defendant).

*Opinion*

MOLL, J. The plaintiff, John J. Britto, appeals from the decision of the Compensation Review Board (board) affirming the decision of the Workers' Compensation Commissioner for the Fourth District (commissioner)[1] denying the plaintiff's motion to preclude the named defendant, Bimbo Foods, Inc.,[2] from contesting liability as to his claimed bilateral knee injury stemming from repetitive trauma.[3] On appeal, the plaintiff claims that the board improperly affirmed the commissioner's denial of his motion to preclude, which was predicated on the commissioner's determination that the defendant did not receive the notice of claim that the plaintiff sent to it by certified mail. We disagree and, accordingly, affirm the decision of the board.

The following facts, as found by the commissioner and which are not in dispute, and procedural history are relevant to this appeal. On December 12, 2017, the plaintiff filed a form 30C[4] with the Workers' Compensation Commission for the Fourth District (commission), alleging that he had sustained a compensable bilateral knee injury stemming from repetitive trauma[5] during the course of his employment with the defendant.[6] On the same day, the plaintiff's counsel sent, by certified mail, a copy of the form 30C to the defendant. The envelope with the form 30C enclosed was addressed to the defendant at "328 Selleck Street #A" in Stamford, on which premises is a building with "a very noticeable sign . . . which reads 'Office (with an arrow pointing to the left) 328 Selleck Street A.' " On January 10, 2018, the envelope was returned to the plaintiff with a stamped marking that read, inter alia, "[u]ndeliverable as addressed [and] [u]nable to forward." The envelope had additional markings indicating that the mail carrier had attempted delivery on three separate occasions in December, 2017. On January 18, 2018, during an informal hearing held in a different workers' compensation proceeding,[7] the plaintiff's counsel personally provided to the defendant's counsel a copy of the form 30C. The same day, the defendant's counsel filed a form 43[8] denying the bilateral knee injury claim.

On December 10, 2018, pursuant to General Statutes § 31-294c (b), the plaintiff filed a motion to preclude the defendant from contesting liability as to the bilateral knee injury claim.[9] The plaintiff contended that the defendant "never accepted the certified mail of the form 30C," and that the form 43 filed by the defendant on January 18, 2018, was untimely. The commissioner held formal hearings on the motion to preclude on April 29, September 16, and October 28, 2019, during which the commissioner heard testimony from multiple witnesses and admitted several exhibits, in full, into the record, including the envelope containing the form 30C that was returned to the plaintiff.

On May 21, 2020, the commissioner denied the plaintiff's motion to preclude. The commissioner stated that she "[did] not accept the [plaintiff's] position in this matter. . . . [T]he form 30C alleging bilateral knee repetitive trauma was not delivered [by certified mail] to the [defendant]. Although the certified envelope had the correct address for the [defendant], and despite the clear and bold signage on the building indicating where the office for the [defendant] was located, for reasons unknown, the mail carrier failed to deliver the notice to the [defendant]. The form 30C was returned to the [plaintiff] on January 10, 2018. The outside of the envelope was marked '[u]ndeliverable.' Therefore, the [defendant] did not receive proper notice when the [plaintiff] initially filed the claim in December of 2017." The commissioner further determined that the defendant filed a timely form 43 denying the claim on January 18, 2018, the same day that the plaintiff's counsel personally provided to the defendant's counsel a copy of the form 30C. On June 18, 2020, the plaintiff filed a motion to correct, which the commissioner denied on July 10, 2020. On July 29, 2020, the plaintiff filed a petition for review with the board.

On appeal to the board, the plaintiff asserted that he served the defendant with the form 30C in accordance with General Statutes § 31-321 by sending, by certified mail, the form 30C to the defendant's place of business, such that the commissioner should have drawn the inference that the form 30C was delivered to the defendant but the defendant failed to accept it. Under such circumstances, the plaintiff posited, the form 43 filed by the defendant on January 18, 2018, was untimely. In reply, the defendant argued, inter alia, that it was not served with the form 30C by certified mail, as the commissioner's findings reflected that the form 30C was returned to the plaintiff because it was " '[u]ndeliverable as addressed . . . .' " Moreover, the defendant contended that there was no evidence in the record indicating that it had refused to accept service of the form 30C.

On July 2, 2021, the board affirmed the commissioner's denial of the plaintiff's motion to preclude. The board concluded that the commissioner's determination that the defendant did not receive proper notice of the form 30C until January 18, 2018, when the form 30C was provided, in person, to the defendant's counsel, was supported by the commissioner's finding that the mail carrier never delivered the form 30C sent by certified mail to the defendant, a finding that the board determined to be supported by the record. As for the plaintiff's assertion that the commissioner should have inferred delivery of the form 30C because it was sent via certified mail in accordance with § 31-321, the board noted that the commissioner expressly found, on the basis of the evidence adduced at the formal hearings, that the form 30C never was delivered to the defendant

by certified mail. The board opined in a footnote that "[t]o assume that a properly addressed and mailed piece of mail was received may make sense in some cases, but not in a case such as this when we know for a fact [that] it was returned to the [plaintiff] as undelivered." The board further stated that, "in the absence of further credited evidence," the envelope with the form 30C enclosed that was returned to the plaintiff suggested that the form 30C had not been presented to and refused by a responsible party acting on the defendant's behalf. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the plaintiff claims that, in affirming the commissioner's denial of his motion to preclude, the board improperly sustained the commissioner's determination that the defendant did not receive the form 30C that the plaintiff sent to it by certified mail. The plaintiff maintains that he satisfied the statutory requirements of §§ 31-294c and 31-321 by sending, via certified mail, the form 30C to the defendant's place of business, and that the commissioner and the board incorrectly imposed an additional requirement on him to demonstrate that the form 30C was returned as a result of the defendant's refusal to accept it. Relying on the doctrine known as the mailbox rule,[10] the plaintiff contends that delivery of the form 30C should have been presumed and that the burden should have fallen on the defendant to establish that it did not receive the form 30C. The plaintiff further contends that the commissioner's findings were not supported by competent evidence. We reject these claims.

We begin by setting forth the governing standard of review and relevant legal principles. "The standard of review in workers' compensation appeals is well established. When the decision of a commissioner is appealed to the board, the board is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. . . . The commissioner has the power and duty, as the trier of fact, to determine the facts. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . .

"[O]n review of the commissioner's findings, the [board] does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. . . . Our scope of review of the actions of the board is similarly limited. . . . The role

of this court is to determine whether the . . . [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Arrico* v. *Board of Education*, 212 Conn. App. 1, 18, 274 A.3d 148 (2022).

"[Moreover, it] is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and the board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . . Furthermore, [i]t is well established that, in resolving issues of statutory construction under the [Workers' Compensation Act (act), General Statutes § 31-275 et seq.], we are mindful that the act indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Accordingly, [i]n construing workers' compensation law, we must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the act. . . . [T]he purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." (Internal quotation marks omitted.) *DeJesus* v. *R.P.M. Enterprises, Inc.*, 204 Conn. App. 665, 677–78, 255 A.3d 885 (2021); see also General Statutes § 1-2z.

"[Section] 31-294c governs notice of claims for workers' compensation benefits." *Mehan* v. *Stamford*, 127 Conn. App. 619, 625, 15 A.3d 1122, cert. denied, 301 Conn. 911, 19 A.3d 180 (2011). Section 31-294c provides in relevant part: "(a) No proceedings for compensation under the provisions of [the act] shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . . If an employee, other than an employee of the state or a municipality, opts to mail to his or her employer the written notice of a claim for compensation required under the provisions of this section, such written notice shall be sent by the employee to the employer by certified mail. . . ."

Section 31-294c (b) sets forth the "strict standards"

imposed on an employer seeking to contest liability. *Mehan* v. *Stamford*, supra, 127 Conn. App. 626. Section 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission . . . . If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury . . . on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury . . . on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury . . . unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury . . . on or before such twenty-eighth day. . . . Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury . . . on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury . . . on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury . . . ."

Section 31-321 provides in relevant part: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under [the act] to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at the person's last-known residence or place of business. . . ."

It is undisputed that the plaintiff, by certified mail, sent the form 30C to the defendant, in accordance with § 31-294c (a);[11] however, our inquiry does not end there. Pursuant to § 31-294c (b), an employer seeking to contest liability vis-à-vis an employee's claimed injury must

file a proper notice denying liability within twenty-eight days following the employer's *receipt* of the employee's notice of claim. See General Statutes § 31-294c (b). Thus, in order to ascertain when the twenty-eight day filing period commences under § 31-294c (b), the date on which the employer *received* the employee's notice of claim must be determined. In the present case, the commissioner found that the defendant did not receive the form 30C sent by the plaintiff via certified mail on December 12, 2017; instead, as the commissioner found, the defendant received the form 30C for the first time on January 18, 2018, by way of personal service on its counsel, such that the defendant's form 43, which was filed on the same day, was timely. We agree with the board's conclusion that the commissioner's findings are supported by evidence in the record, including the envelope containing the form 30C that was returned to the plaintiff with a marking reflecting, inter alia, that the envelope was "[u]ndeliverable as addressed . . . ."[12]

With regard to the envelope with the form 30C enclosed that was returned to him, the plaintiff asserts that the commissioner improperly disregarded the testimony of Jonathan Delvecchio, a retired United States Postal Service mail carrier whom the plaintiff called as an expert witness during the formal hearing held on September 16, 2019. Delvecchio testified in relevant part that the marking on the envelope reading, inter alia, "[u]ndeliverable as addressed" originated from "a generic stamp [that] goes on anything that has to be returned" for "[a]ny reason." Delvecchio further testified that, in his opinion, the envelope was "handled correctly" and was returned to the plaintiff "[b]ecause it wasn't delivered, [i]t wasn't signed for by the recipient." The plaintiff contends that Delvecchio's testimony demonstrates that the form 30C was delivered to the defendant but the defendant rejected it. In denying the plaintiff's motion to preclude, however, the commissioner stated that she "[did] not accept the [plaintiff's] position in this matter," and that she relied on the marking on the envelope reading, inter alia, that it was " '[u]ndeliverable' " to determine that "the [defendant] did not receive proper notice when the [plaintiff] initially filed the claim in December of 2017." We construe these statements to reflect that the commissioner did not find Delvecchio's testimony to be credible. "[T]he power and duty of determining the facts rests on the commissioner, who is the trier of fact. . . . This authority to find the facts entitles the commissioner to determine the weight of the evidence presented and the credibility of the testimony offered by lay and expert witnesses." (Internal quotation marks omitted.) *Sprague* v. *Lindon Tree Service, Inc.*, 80 Conn. App. 670, 675, 836 A.2d 1268 (2003). We will not, on appeal, disturb the commissioner's credibility determinations.

We also reject the plaintiff's reliance on the mailbox rule and his assertion that the board and the commis-

sioner improperly imposed on him the burden to establish that the form 30C was returned to him following delivery to the defendant because the defendant had rejected it. Put simply, even assuming arguendo that the mailbox rule applies in this case, the presumption of delivery cannot withstand the commissioner's determination, as supported by the record, that delivery of the form 30C, in fact, never occurred. Moreover, without delivery of the form 30C, there could not have been any burden placed on the plaintiff to demonstrate that the defendant had rejected the form 30C following delivery.

The plaintiff cites this court's decision in *Black* v. *London & Egazarian Associates, Inc.*, 30 Conn. App. 295, 620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993), and the board's decision in *Morgan* v. *Hot Tomato's, Inc.*, No. 4377, CRB 3-01-3 (January 30, 2002), to support his claims. The plaintiff's reliance on these decisions is misplaced.

In *Black*, on appeal following a decision of the board affirming a workers' compensation commissioner's denial of a motion to preclude, this court concluded in relevant part that a deceased employee's widow had complied with § 31-321 when the undisputed facts demonstrated that a postal worker had delivered a notice of claim sent, via certified mail, by the widow to the employer. *Black* v. *London & Egazarian Associates, Inc.*, supra, 30 Conn. App. 296–98, 299–301. The facts further established that the postal worker had attempted to obtain a signature for the delivery, but the sole individual present at the employer's office at the time of delivery, who was not an employee or an authorized representative of the employer, had refused to provide a signature, causing the postal worker to leave the notice of claim on a receptionist's desk in the office. Id., 298. This court determined that the filing period for the employer to contest liability commenced on delivery of the notice of claim; id., 304; and that the employer and its insurer could not "avoid the consequences of ignoring [the notice of claim] merely because no responsible agent or employee was present in the office to accept delivery or to attend to the matter once the letter was delivered." Id., 301. Unlike the present case, the facts in *Black* established that the notice of claim was delivered to the employer but that the employer's own actions prevented it from becoming privy to the notice of claim at the time of delivery. Id., 301, 304. Thus, *Black* is distinguishable from the present case.

In *Morgan*, the facts reflected that, after sustaining an injury at work, an employee sent, via certified mail, a letter accompanied by a form 30C to her employer. *Morgan* v. *Hot Tomato's, Inc.*, No. 4377, supra. After five failed attempts to deliver the letter to the employer, the postal service returned the letter to the employee

as "unclaimed mail." Id. The employer filed a form 43 more than two months after the last attempted delivery of the letter. Id. The employee then filed a motion to preclude, which a workers' compensation commissioner granted. Id. The commissioner stated that there was " 'substantial evidence' indicat[ing] that the postal service attempted to obtain the signature of a . . . representative [of the employer] on five occasions," such that the employee had complied with the notice requirements of § 31-294c (a). Id. On appeal, the board affirmed the commissioner's decision, concluding that, "[u]nder our law, an employer may be held accountable for its failure to receive notice, should the facts permit the trier to infer that the employer was partially or wholly at fault for the unsuccessful delivery of certified mail. The trier drew such an inference here, which was not unreasonable given the evidence." Id. In the present case, unlike in *Morgan*, the commissioner did not infer from the facts that the defendant was partially or wholly at fault for the mail carrier's failure to deliver the form 30C. *Morgan* does not mandate a different outcome, as we remain mindful that "[i]t is within the discretion of the commissioner alone to determine the credibility of witnesses and the weighing of the evidence. It is . . . immaterial that the facts permit the drawing of diverse inferences. The [commissioner] alone is charged with the duty of initially selecting the inference which seems most reasonable, and [the commissioner's choice], if otherwise sustainable, may not be disturbed by a reviewing court." (Internal quotation marks omitted.) *Ayna* v. *Graebel/CT Movers, Inc.*, 133 Conn. App. 65, 71, 33 A.3d 832, cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012). As the board stated in its decision, the " '[u]ndeliverable as addressed' " marking on the envelope containing the form 30C that was returned to the plaintiff, "in the absence of further credited evidence, suggests that [the form 30C] was never presented to a responsible party who refused to accept [it]." For these reasons, *Morgan* does not advance the plaintiff's position.

In sum, we conclude that the board properly affirmed the commissioner's denial of the plaintiff's motion to preclude.[13]

The decision of the Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] General Statutes (Supp. 2022) § 31-275d (a) (1), effective as of October 1, 2021, provides in relevant part that, "[w]herever the words 'workers' compensation commissioner', 'compensation commissioner' or 'commissioner' are used to denote a workers' compensation commissioner in [several enumerated] sections of the general statutes, [including sections contained in the Workers' Compensation Act, General Statutes § 31-275 et seq.] the words 'administrative law judge' shall be substituted in lieu thereof . . . ."

As all events underlying this appeal occurred prior to October 1, 2021, we will refer to the workers' compensation commissioner who denied the plaintiff's motion to preclude as the commissioner and, unless otherwise noted, all statutory references in this opinion are to the 2021 revision of the statutes.

² The record indicates that the named defendant also is referred to as Bimbo Bakeries. ESIS, the workers' compensation insurer for Bimbo Foods, Inc., was also named as a defendant but is not a party to this appeal. We therefore refer in this opinion to Bimbo Foods, Inc., as the defendant.

³ "General Statutes § 31-301b provides that '[a]ny party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court, whether or not the decision is a final decision within the meaning of section 4-183 or a final judgment within the meaning of section 52-263.' Our appellate courts expressly have recognized that the final judgment requirement does not apply to appeals taken from the board. See *Dechio* v. *Raymark Industries, Inc.*, 299 Conn. 376, 399–400, 10 A.3d 20 (2010); *Hadden* v. *Capitol Region Education Council*, 164 Conn. App. 41, 46 n.7, 137 A.3d 775 (2016)." *Reid* v. *Speer*, 209 Conn. App. 540, 542 n.1, 267 A.3d 986 (2021), cert. denied, 342 Conn. 908, 271 A.3d 136 (2022).

⁴ "A form 30C is the form prescribed by the [W]orkers' [C]ompensation [C]ommission . . . for use in filing a notice of claim under the [Workers' Compensation Act, General Statutes § 31-275 et seq.]." (Internal quotation marks omitted.) *Salerno* v. *Lowe's Home Improvement Center*, 198 Conn. App. 879, 881 n.3, 235 A.3d 537 (2020).

⁵ Appended to the form 30C was a document in which the plaintiff alleged in relevant part that his "[twenty-five] year work history as a wholesale delivery person required him to bend, squat, kneel, lift, carry, push and pull heavy loads, all of which resulted in [his] need for bilateral total knee replacements."

⁶ The commission received the form 30C on December 14, 2017.

⁷ On February 10, 2017, the plaintiff filed a form 30C with the commission, claiming a compensable left knee injury sustained on January 21, 2017, during the course of his employment with the defendant. The defendant filed a timely form 43 denying that claim.

⁸ "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation." (Emphasis omitted; internal quotation marks omitted.) *Salerno* v. *Lowe's Home Improvement Center*, 198 Conn. App. 879, 881 n.4, 235 A.3d 537 (2020).

⁹ "If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim." (Internal quotation marks omitted.) *Reid* v. *Speer*, 209 Conn. App. 540, 543 n.4, 267 A.3d 986 (2021), cert. denied, 342 Conn. 908, 271 A.3d 136 (2022). "We have described a motion to preclude in this context as a statutorily created waiver mechanism that, following an employer's failure to comply with the requirement of . . . § 31-294c (b), bars that employer from contesting the compensability of its employee's claimed injury or the extent of the employee's resulting disability." (Internal quotation marks omitted.) Id., 543 n.5.

¹⁰ The mailbox rule "provides that a properly stamped and addressed letter that is placed into a mailbox or handed over to the United States Postal Service raises a rebuttable presumption that it will be received." *Echavarria* v. *National Grange Mutual Ins. Co.*, 275 Conn. 408, 418, 880 A.2d 882 (2005).

¹¹ Pursuant to § 31-294c (a), the language of which was in effect when the plaintiff mailed the form 30C to the defendant on December 12, 2017, a written notice of claim mailed by an employee not employed by the state or a municipality to an employer must be sent by certified mail. See General Statutes § 31-294c (a) ("[i]f an employee, other than an employee of the state or a municipality, opts to mail to his or her employer the written notice of a claim for compensation required under the provisions of this section, such written notice shall be sent by the employee to the employer *by certified mail*" (emphasis added)). Following the passage of No. 22-89, § 2, of the 2022 Public Acts (P.A. 22-89), which amended § 31-294c (a) effective May 24, 2022, a written notice of claim mailed by an employee not employed by the state or a municipality to an employer must be sent in accordance with § 31-321. See General Statutes § 31-294c (a), as amended by P.A. 22-89 ("[i]f an employee, other than an employee of the state or a municipality, opts to mail to his or her employer the written notice of a claim for compensation required under the provisions of this section, such written notice shall be sent by the employee to the employer *in accordance with section 31-321*" (emphasis added)). Section 31-321 permits certified mail as one method of service by mail.

¹² During the formal hearing held on October 28, 2019, the defendant called

Stephen Costa, one of its employees, as a witness. During his testimony, Costa described the layout of the defendant's property, where he previously had worked, as well as the building's operational hours and the procedures followed by staff to permit entry into the building. Costa further testified that it was "[h]ighly unlikely" that, on three separate occasions, a mail carrier attempted to deliver the form 30C to the defendant's property but was refused entry into the building. The plaintiff contends that Costa's testimony did not constitute competent evidence in support of the commissioner's findings. In short, we disagree with this contention. Even without Costa's testimony, however, we conclude that there is sufficient evidence in the record, including the envelope containing the form 30C that was returned to the plaintiff, supporting the commissioner's findings.

[13] In its appellate brief, the defendant argues that, under the circumstances of this case, the plaintiff was required to serve the form 30C on the defendant's counsel in order to effectuate proper service. In light of the analysis underlying our resolution of this appeal, we need not address this argument further.

––––––––––––––––––––––––––––––––